UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND (DKT. 15)**

## I.       Introduction

Eunhee Bae Losurdo and Chul W. Bae ("Plaintiffs"), brought this action against JPMorgan Chase Bank, N.A., ("Chase"), Nationstar Mortgage LLC ("Nationstar"), Wilmington Savings Fund Society, FSB ("Wilmington") and MTC Financial Inc. ("MTC") (collectively, "Defendants") in the Los Angeles Superior Court. Dkt. 1 at 17.[1] Plaintiffs' claims arise from disputes over a potential loan modification and a subsequent foreclosure. Chase removed the action on the basis of diversity jurisdiction. 28 U.S.C. §§ 1441(b), 1332. Dkt. 1. On April 4, 2016, Plaintiffs filed a Motion to Remand ("Motion"). Dkt. 15. Chase opposed the Motion (Dkt. 17) and Plaintiffs replied (Dkt. 20). The Motion was deemed appropriate for decision without oral argument pursuant to Local Rule 7.15, and it was taken under submission. Dkt. 13. For the reasons stated in this Order, the Motion is **DENIED**.

## II.       Factual Background

On August 22, 2007, Plaintiffs signed a promissory note for $300,000 ("Note"). Dkt. 1 at 21, ¶ 18, Ex. A. The Note was secured by a Deed of Trust that encumbered the property located at 10126 Reseda Blvd. #125, Northridge, CA ("Property"). *Id.* "Washington Mutual FA/Chase" was named as the lender and beneficiary of the Deed of Trust, and California Reconveyance Company was designated as the original trustee. *Id.*

The Complaint alleges that Plaintiffs had financial difficulties from 2013 to 2015. Consequently, they contacted Chase regarding the possibility of a loan modification. *Id.* ¶ 19. The Complaint alleges that, following this contact, in April 2014 Plaintiffs completed, and submitted to Chase, a first lien loan modification application packet. *Id.* In July 2014, Plaintiffs were allegedly notified that their loan was being transferred to Nationstar. *Id.* ¶ 20. The Complaint alleges that Plaintiffs then contacted Nationstar about the status of their loan. Nationstar representative Rob Bush informed them that they had been approved for a first lien loan modification. *Id.* The Complaint alleges that Plaintiffs were told that they would have to

---

[1] In the Complaint, Chase is erroneously identified as "J.P. Morgan Chase National Corporate Services, Inc."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
|---|---|---|---|
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

make a payment on the Note while the review of the possible loan modification was completed. *Id.* The Complaint alleges that Nationstar thereafter, "proceeded to drag out the process into 2015." *Id.*

The Complaint alleges that Plaintiffs and Defendants entered into a loan modification agreement pursuant to HAMP ("Home Affordable Modification Program"). *Id.* ¶ 21. It also alleges that "Plaintiffs were promised that they were approved for a HAMP trial period plan" ("HAMP Plan"). *Id.* Plaintiffs allegedly complied with all requirements that were imposed during the HAMP Plan *Id.* ¶¶ 21, 22. However, despite Plaintiffs' "full performance," the Complaint alleges that Defendants "failed to honor" the HAMP Plan. *Id.* ¶ 21. Thus, Chase "declined to provide Plaintiffs" with the HAMP Plan and informed Plaintiffs that it would proceed with non-judicial foreclosure. *Id.* ¶ 22. The Complaint also alleges that Chase "intentionally sold the servicing of the loan to Nationstar as neither entity wanted to process the loan modification, and so that Nationstar would be able to resume with non-judicial foreclosure proceedings." *Id.* The Complaint alleges that Nationstar never provided Plaintiffs with the name of a "Case Manager" who would manage their request for a loan modification, as required by Cal. Civ. Code § 2923.7. *Id.* ¶¶ 49, 50.

The Complaint alleges that Defendants "never intended on offering Plaintiffs an opportunity to modify their loan, and forebear on the foreclosure proceedings, and instead filed with the County Recorder's Office all necessary procedural documents to pursue a non-judicial foreclosure sale once the HAMP [Plan] terminated." *Id.* ¶ 24. A Notice of Trustee's Sale was recorded in the County Recorder's Office on June 23, 2015. *Id.* ¶ 25, Ex. B. However, the Complaint alleges that Defendants failed to post a copy of the Notice on the Property, as required by Cal. Civ. Code § 2924. *Id.* ¶ 41.The Complaint alleges that at all relevant times, Plaintiffs "were willing and able to tender funds to satisfy the alleged deficiency" and they were prepared to "make that tender if necessary to stop a foreclosure sale." *Id.* ¶ 27.

Bases on the foregoing allegations, the Complaint advances the following causes of action against all of the Defendants: (i) Promissory Estoppel; (ii) Violation of Cal. Civ. Code § 2923.6; (iii) Injunctive Relief Pursuant to Cal. Civ. Code § 2924(f)-(g); (iv) Violation of Cal. Civ. Code § 2923.7; (v) Negligence; (vi) Quiet Title; and (vii) Cancellation of Trustee's Deed Upon Sale. *Id.* at 17.

### III.   Analysis

#### A.   Legal Standard

A motion to remand challenges the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one that could have been brought originally in a federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over a removed action where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party has the burden of establishing that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

*Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

### B.      Application

Plaintiff asserts that this action must be remanded for three reasons: (i) there is not complete diversity of citizenship; (ii) all Defendants did not join in the removal; and (iii) the amount in controversy is not more than $75,000. Dkt. 15 at 3. None of these arguments is persuasive.

#### 1.      Whether There is Complete Diversity

##### a)      Plaintiffs' Citizenship

A "natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he determination of an individual's domicile involves a number of factors . . . including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person's "domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.*

The parties agree that Plaintiffs are citizens of California. The Complaint alleges that the Property is located in California and that Plaintiffs have at all times resided in Los Angeles, California. Dkt. 1 at 17, ¶ 1. Furthermore, Plaintiffs seek relief in the form of an order barring the sale of the Property, which is consistent with an intent to remain in California. *Id.* at 31. There is sufficient evidence to support the parties' position that Plaintiffs were citizens of California when this action was commenced.

##### b)      Citizenship of Chase

Pursuant to 28 U.S.C. § 1348, a national banking association is a citizen of the state in which it is "located." "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Chase is a national bank whose main office is located in Columbus, Ohio. Dkt. 1 at 3, ¶ 8. Therefore, for purposes of determining diversity jurisdiction, Chase is a citizen of Ohio.

##### c)      Citizenship of Wilmington

Wilmington is a federal savings bank, which is referred to by statute as a federal savings association. 12 U.S.C. § 1813(b)(2) ("The term 'Federal savings association' means any Federal savings association or Federal savings bank . . . ."). The citizenship of a federal savings association is determined by 12 U.S.C. § 1464(x). That statute provides that "[i]n determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." Wilmington's home office is located in Delaware. Dkt. 22 at 2-3, Exs. 4, 5. For these reasons, for purposes of determining diversity jurisdiction, Wilmington is a citizen of Delaware.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
|---|---|---|---|
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

           d)       Citizenship of Nationstar

Plaintiffs argue that Nationstar is a California citizen because it "conducted business in California." Dkt. 15 at 9. However, because Nationstar is a limited liability company, it is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Chase states that Nationstar is owned by two members -- Nationstar Sub1, LLC ("Sub 1") and Nationstar Sub2, LLC ("Sub 2"). Dkt. 22 at 2. Sub 1 and Sub 2 are, in turn, wholly-owned subsidiaries of Nationstar Mortgage Holdings, Inc., a Delaware corporation whose principal place of business is in Texas. *Id.* at 2, Ex. 2. Therefore, Nationstar's citizenship turns on the citizenship of Nationstar Mortgage Holdings, Inc.

Plaintiffs argue that, in determining a corporation's citizenship, "the main office of a corporation is [an] irrelevant factor. What's relevant is the activity of a corporation." Dkt. 15 at 9.[2] The standard used to decide the citizenship of a corporation for purposes of determining diversity jurisdiction, is specified by statute. Thus, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). *Hertz* rejected the argument, which Plaintiffs advance here, that a corporation is a citizen of any state where it engages in a significant amount of business activity. As the Supreme Court explained, "the application of a more general business activities test has led some courts . . . to look, not at a particular place within a State, but *incorrectly* at the State itself, measuring the total amount of business activities that the corporation conducts there and determining whether they are 'significantly larger' than in the next-ranking State." *Id.* at 93 (emphasis added).

Under the applicable standards, Nationstar is not a citizen of California. That either Nationstar or Nationstar Mortgage Holdings, Inc. has done business here is not the relevant question. Instead, as noted earlier, what matters is whether Nationstar Mortgage Holdings, Inc. -- the sole owner of Sub 1 and Sub 2 which, in turn, are the sole members of Nationstar -- is incorporated or has its main office or headquarters in California. Nationstar Mortgage Holdings, Inc. is incorporated in Delaware and its main office and headquarters are located in Texas.

           e)  Citizenship of MTC

Chase concedes that MTC is a citizen of California. Dkt. 17 at 3-4. However, Chase argues that MTC is a nominal defendant whose citizenship should not be considered for purposes of determining diversity jurisdiction. *Id.*; *see also Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder.").

The Complaint makes only one reference to MTC. It alleges that "[t]he claims of defendant Nationstar are

---

[2] Plaintiffs make the same argument as to Chase and Wilmington. As previously discussed, Chase is a national banking association and Wilmington is a federal savings bank. Therefore, neither is a "corporation" for purposes of determining diversity of citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
|---|---|---|---|
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

based on the Trustee's Deed Upon Sale, purporting to have been executed by Defendant MTC and delivered." Dkt. 1 at 30, ¶ 64 (capitalization omitted). A reasonable interpretation of this allegation is that MTC is acting as the current trustee with respect to the Deed of Trust that secures the Note. California courts consistently have recognized that "[t]he trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist." *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009) (internal citation omitted). The duties of such a trustee are purely ministerial. *Id.* Thus, it is well accepted that the "paradigmatic nominal defendant is a trustee, agent, or depositary who is joined purely as a means of facilitating collection." *SEC v. Colello,* 139 F.3d 674, 676 (9th Cir. 1998) (quotations and alterations omitted). Such a trustee may be deemed a substantive party where its alleged conduct goes beyond mere ministerial acts. *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013). "Removing Defendants bear the burden of proving a defendant is a nominal party." *Latino v. Wells Fargo Bank, N.A.*, 2011 WL 4928880, at *2 (E.D. Cal. Oct. 17, 2011).

The Complaint makes no substantive allegations about any claimed wrongdoing by MTC. Indeed, MTC is mentioned in one sentence of the factual allegations in the Complaint. All allegations of substantive wrongdoing concern Chase and Nationstar. Plaintiffs argue that MTC is not a nominal party because it could have, but did not file a declaration of non-monetary status in the state court proceedings, pursuant to Cal. Civ. Code § 2924*l*. Dkt. 15 at 6. However, as explained below, Plaintiffs acknowledge that they never served MTC with the Summons and Complaint. Without such notice, there was no reason for MTC to have made any response to the Complaint, including the filing of a declaration of non-monetary status.

For these reasons, Chase has shown that, for purposes of determining diversity jurisdiction, MTC is a nominal party whose citizenship is not considered.

                    *                    *                    *


As shown in the foregoing discussion, Plaintiffs are citizens of California, Chase is a citizen of Ohio, Nationstar is a citizen of Texas and Delaware, Wilmington is a citizen of Delaware and the citizenship of MTC is not relevant. Therefore, there is complete diversity of citizenship in this matter.

### 2.     Consent for Removal

28 U.S.C. § 1446(b)(2)(A) states that "all defendants who have been properly joined and served must join in or consent to the removal of the action." This is known as the rule of unanimity. *Loya v. Aurora Loan Servs. LLC*, 2010 WL 1929618, at *1 (N.D. Cal. 2010). It applies when those facts are present. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). Thus, it does not apply to a defendant who has not been served. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), *superseded by statute on other grounds as stated in Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988). Furthermore, there are exceptions to the unanimity rule. They include when a named defendant is a nominal party or one who is unknown or fraudulently joined. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01409 JAK (AGRx) | | Date | May 6, 2016 |
|---|---|---|---|---|
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | | |

Plaintiffs argue that removal was procedurally improper because Nationstar, Wilmington and MTC did not join in, or consent to, removal. Dkt. 15 at 7. Plaintiffs did not make a timely challenge to the removal on this ground. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Here, the Notice of Removal was filed on February 29, 2016 (Dkt. 1), but Plaintiffs did not file the Motion until April 4, 2016 (Dkt. 15), which was more than 30 days later.[3] Due to this untimeliness, Plaintiffs waived the right to challenge any claimed procedural defects. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (defect in removal procedure may not be raised as basis for remand later than 30 days after filing of notice of removal).

Even if Plaintiffs had timely made this argument, the result would be the same. Chase concedes that not all named Defendants consented to removal. Dkt. 17 at 4. However, it argues that, at the time of removal, "Chase did not believe that any other defendant had been served with the Complaint or that any other defendant had made an appearance in state court." *Id.* Based on these assumptions, Chase argues that the other Defendants were not required to join in the removal. They were not yet participating in the proceedings because Plaintiffs had not served them. Plaintiffs concede that they inadvertently failed to serve Wilmington and MTC with the Summons and Complaint. Dkt. 20 at 6.[4]

Plaintiffs argue that "[a] petition for removal is considered defective if it fails to explain why all defendants have not joined therein[.]" Dkt. 20 at 7. Normally, the removing party has the burden "to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize*, 167 F.3d at 1266. However, where failure to join in removal is based exclusively on a plaintiff's failure to serve the other defendants, the removing defendant need not explain a failure to have the other defendants join in the notice of removal. *Fisher v. Alfa Chems. Italiana*, 258 F. App'x 150, 151 (9th Cir. 2007) (unpublished) ("Fisher argues that removal was improper because PCCA's Notice of Removal did not explain why the other named defendants had not joined it. But it was clear to Fisher and to the district court that none of the other defendants had been served, so there was no reason for PCCA to have provided such an explanation in this case.").

For the foregoing reasons, the failure by Chase to obtain the consent of Wilmington and MTC for the removal is not a basis for remand. *Salveson*, 731 F.2d at 1429.

With respect to Nationstar, Plaintiffs contend that it was served with the Summons and Complaint on February 3, 2016. Dkt. 20 at 5-6. They attach a copy of the proof of service. *Id.* Ex. B.[5] Counsel for Chase, William Idleman, largely concedes that Nationstar was served as stated by Plaintiffs. Dkt. 18. However, he states that, at the time of removal, he did not believe Nationstar had been served:

---

[3] Although Plaintiffs originally filed the Motion to Remand on March 29, 2016 -- exactly 30 days after the notice of removal was filed -- the Motion was stricken due to procedural errors, *i.e.*, failing to notice the Motion for a hearing and incorrectly setting the Motion before the assigned Magistrate Judge. Dkt. 10.

[4] Plaintiffs state that, upon discovering this oversight, they immediately requested CalWest Attorney Services, Inc. to serve both Wilmington and MTC. Dkt. 20 at 6. Plaintiffs attach copies of these requests to CalWest. *Id.* Exs. C, D. However, Plaintiffs have not yet filed any proof of service as to either Wilmington or MTC.

[5] The proof of service reflects that Nationstar was served on January 29, 2016, and the proof of service was filed in the Los Angeles Superior Court on February 3, 2016. Dkt. 20, Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
|---|---|---|---|
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

> On February 29, 2016, I filed the notice of removal that is at issue in Plaintiffs' motion to remand. On the afternoon of February 29, 2016, I reviewed the state court docket to ascertain if any named defendant had been served or appeared in the state court action. At that time, the docket did not reflect that any party had been served or appeared in the motion. . . . The current copy of the docket reflects that a proof of service for Nationstar Mortgage was filed on February 3, 2016. The docket also reflects that an answer was filed on February 29, 2016, the same day the removal was filed.

*Id.* ¶¶ 3, 4 (internal citations omitted).

Idleman's Declaration does not explain this disparity. Thus, it does not state whether the proof of service as to Nationstar had been properly filed in the Superior Court as of the date of removal and he overlooked it in his review of the docket, or if he contends that it was not on the docket due to some technical or procedural error. However, it is not necessary to reach that issue. On April 11, 2016, Nationstar filed a joinder in the Notice of Removal. Dkt. 19. This joinder may cure any procedural defect. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). There, the Ninth Circuit stated that, where all defendants do not initially join in the petition for removal, a district court may "allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Id.* (citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (alteration and internal quotation marks omitted))); *see also Cardroom Intern. LLC v. Scheinberg*, 2012 WL 2263330, at *6 (C.D. Cal. June 18, 2012) (failure to consent to removal may be cured prior to entry of judgment upon discretion of court). Because the failure by Chase to obtain the consent of all parties at the time of removal was a result of potential error or oversight by Plaintiffs and Chase, it is appropriate to permit and accept the subsequent consent to removal by Nationstar.

### 3. Whether the Amount in Controversy Is Satisfied

Plaintiffs argue that the amount in controversy in this action is not greater than $75,000. In support of this position they argue that the Complaint does not allege a specific amount in controversy and Chase has not shown that the amount exceeds $75,000. Dkt. 15 at 9.

Where a plaintiff seeks to quiet title, the amount in controversy "is the whole of the real estate to which the claim extends." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (quoting *Woodside v. Ciceroni*, 93 F. 1, 4 (9th Cir. 1899)). Furthermore, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The Complaint seeks to quiet title to the Property and to cancel the Deed of Trust. It also seeks what may be determined to be appropriate declaratory and injunctive relief with respect to deferring or precluding a foreclosure of the Property. Dkt. 1 at 29-31. The Deed of Trust, which is provided as "Exhibit A" to the Complaint, shows that the Note was made in the principal amount of $300,000. *Id.* at 34. Chase claims that the unpaid balance on the Note at the time of the notice of foreclosure was $344,627.98. Dkt. 17 at 6. Therefore, the amount in controversy requirement has been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01409 JAK (AGRx) | Date | May 6, 2016 |
|---|---|---|---|
| Title | Eunhee Bae Losurdo, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

4.      Attorney's Fees

Plaintiff seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because no remand has been ordered, this request is **DENIED**.

**IV.      Conclusion**

For the reasons stated in this Order, both the Motion and the request for attorney's fees are **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     ak